UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


James R. Perry

    v.                                         Civil No. 16-cv-469-LM
                                                   Opinion No. 2018 DNH 053

FNU Lydick, et al.


**O R D E R**

Plaintiff James R. Perry, an inmate at the New Hampshire State Prison in Concord, brings this action against the State of New Hampshire (the "State") and a number of state correctional officers. Perry raises constitutional and tort claims against the officers, and claims under the Americans with Disabilities Act ("ADA") and Rehabilitation Act against the State. Before the court is the State's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Perry objects to the motion. For the following reasons, the State's motion is granted.

**STANDARD OF REVIEW**

Under Rule 12(b)(6), the court must accept the factual allegations in the complaint as true, construe reasonable inferences in the plaintiff's favor, and "determine whether the factual allegations in the plaintiff's complaint set forth a plausible claim upon which relief may be granted." Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 71 (1st Cir. 2014)

1

(internal quotation marks omitted).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

## BACKGROUND

The following allegations are taken from the amended complaint, unless otherwise noted.  Perry alleges that his emotional and psychological impairments render him a "qualified individual with a disability under the ADA and Rehabilitation Act."  Doc. no. 18 at 2-3 (internal quotation marks omitted). On July 13, 2016, correctional officers conducted a "shakedown" in the prison's Special Housing Unit, where Perry's cell was located.  While in Perry's cell, Lieutenant Paul Carroll damaged and destroyed Perry's personal property.  He also taunted Perry and told him, "If you are going to act up, do it on my shift, don't be a pussy and wait until second shift."  Id. at 4.

Becoming distraught and suicidal as a result, Perry placed cardboard over his cell window.  After Perry refused to remove the cardboard, despite requests by a correctional officer and a mental health worker, an extraction team was sent to Perry's cell.  Perry alleges that, upon entering the cell, the team placed him on the floor, punched him in the head, neck, and

back, banged his head against the floor, and used a taser on him.  Perry suffered serious physical and emotional injuries.

In October 2016, Perry, acting pro se, filed this action. Subsequently, counsel appeared on Perry's behalf and filed an amended complaint.  In the amended complaint, Perry brings various constitutional and state tort claims against the correctional officers involved in the incident.

Separately, Perry brings claims for violations of the ADA and Rehabilitation Act against the State (Count II).  The entirety of his allegations against the State, besides those described above, are as follows:

> 37. [Perry] is disabled as defined by the ADA and Rehabilitation Act; he is a qualified individual with disabilities. Defendants knew or should have known of his disability.
>
> 38. The ADA and Section 504 of the Rehabilitation Act require that no qualified individual with a disability, on the basis of that disability, be excluded from participation in or be denied the benefit of the services, programs, activities, or to otherwise be discriminated against by a public entity.
>
> 39. [The State] has discriminated against [Perry] because of his disability and deprived him of services he was entitled to. The policies and procedures of the [State] are constitutionally inadequate to provide emotionally disturbed individuals, such as [Perry], with the services he requires and to prohibit discrimination against him due to his disability.
>
> 40. Additionally, [the State] had a legal duty to modify their procedures to accommodate [Perry's] disability.

41. As a result of the [State's] actions, [Perry] has been injured and suffered physical injuries, medical expenses, emotional distress, pain and anguish.

42. [The State's] actions were intentional and with reckless disregard and deliberate indifference to the plaintiff's rights as a person with disabilities.

Id. at 6-7.

## DISCUSSION

The State moves to dismiss Count II, arguing that the amended complaint does not state a plausible claim for relief under either the ADA or Rehabilitation Act.[1]  The State finds fault with the amended complaint because, among other things, it fails to identify how the State discriminated against Perry, what services were denied, or what policies or procedures are inadequate.  The State also notes that the insufficiency of the allegations is prejudicial because the State cannot meaningfully evaluate whether it may be entitled to sovereign immunity.

Perry responds that the amended complaint survives scrutiny under Rule 12(b)(6).  In his brief—though not in his complaint—Perry alleges that the New Hampshire Department of Corrections' "cell integrity check procedures and . . . cell extraction

---

[1] The State also moves to dismiss Counts I and III, but Perry has made clear that the State is "named as a defendant only in the ADA/Rehabilitation cause of action."  Doc. no. 17 at 2; see also doc. no. 26 at 1.  Therefore, the State's motion, to the extent it seeks dismissal of Counts I and III, is denied as moot.

procedures" have a discriminatory effect on disabled individuals like Perry. Doc. no. 26 at 4. He proposes a few policy changes that the Department of Corrections could enact to ensure that such procedures reasonably accommodate inmates suffering from mental illness.

Even under the liberal standard of review required by Rule 12(b)(6), the court concludes that the amended complaint does not state a plausible claim for relief. The ADA and Rehabilitation Act "provide, in nearly identical language, that 'no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.'" Nunes v. Mass. Dep't of Corr., 766 F.3d 136, 144 (1st Cir. 2014). "A plaintiff can press several different types of claims of disability discrimination." Id. Actionable discrimination may occur where a facially neutral government policy "falls more harshly" on disabled individuals, or where "a public entity has refused to affirmatively accommodate [an individual's] disability where such accommodation [is] needed to provide meaningful access to a public service." Id. at 145 (internal brackets and quotation marks omitted).

Here, however, Perry's amended complaint fails to provide any facts to support a disability discrimination claim, whatever

his theory may be.[2]  For example, Perry does not identify any
state policy or describe even in basic terms how such policy
falls more harshly upon disabled individuals like him.  Nor does
Perry make any factual allegations to support his reasonable-
accommodation theory of liability.

Because the allegations in the amended complaint are "too
meager, vague, or conclusory to remove the possibility of relief
from the realm of mere conjecture," dismissal is warranted.
S.E.C. v. Tambone, 597 F.3d 436, 442 (1st Cir. 2010).  However,
as noted above, Perry's objection fleshes out the factual basis
for his claim.  This order does not preclude Perry from filing a
motion under Rule 15(a)(2) to amend his complaint to incorporate
those allegations.  See Aponte-Torres v. Univ. of P.R., 445 F.3d
50, 58 (1st Cir. 2006) (stating that a "request to file a second
amended complaint need[s] leave of court, which as a general
proposition will be 'freely given when justice so requires'").

---

[2] The court does not consider the allegations that Perry
raised for the first time in his objection.  See, e.g., Winne v.
Nat'l Collegiate Student Loan Trust 2005-1, No. 1:16-cv-229,
2017 WL 3573813, at *6 (D. Me. Aug. 17, 2017) ("Factual
allegations made for the first time in a responsive memorandum
are not properly considered in evaluating the sufficiency of a
complaint under Rule 12(b)(6).").

**CONCLUSION**

For the foregoing reasons, the State's motion to dismiss (doc. no. 24) is granted, without prejudice to Perry moving to amend the complaint.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

March 15, 2018

cc:  Lynmarie C. Cusack, Esq.
     Francis Charles Fredericks, Esq.
     Lawrence A. Vogelman, Esq.